UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CRISTOBAL CALDERON, | No. 2:22-cv-00124-DAD-CKD (PC) |
| Plaintiff, | |
| v. | ORDER |
| C. VUE, | (Doc. Nos. 37, 48) |
| Defendant. | |

Plaintiff Juan Cristobal Calderon is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action brought pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On August 7, 2024, the assigned magistrate judge issued findings and recommendations recommending that defendant Vue's motion for summary judgment (Doc. No. 44) be granted and the case be closed.[1] Specifically, based upon the evidence submitted by the parties on summary judgment, the magistrate judge concluded that defendant was entitled to judgment in his favor on the merits of plaintiff's claim of excessive use of force and sexual assault in violation of his Eighth Amendment rights. (*Id.* at 4–9.)

/////

---

[1] Defendant Vue is the sole remaining defendant in this action, the other named defendant having previously been terminated. (Doc. No. 40.)

1

1   　　　Those findings and recommendations were served on the parties and contained notice that
2   any objections thereto were to be filed within fourteen (14) days after service.  (*Id.* at 9.)  On
3   September 6, 2024, after receiving an extension of time in which to do so, (Doc. No. 50), plaintiff
4   filed objections to the pending findings and recommendations.  (Doc. No. 51.)  Plaintiff's
5   objections in large part advance arguments that were already thoroughly and correctly addressed
6   in the findings and recommendations.  For example, plaintiff reviews the evidence that both
7   parties submitted and which the magistrate judge already considered, and he repeats his version of
8   the events of March 25, 2018.  (*Id*. at 1–4.)  Further, he provides a theory as to how his assault
9   still could have occurred at 2:20 a.m. before defendant input the results of his inmate count into
10  the computer system at 2:33 a.m., (*Id*. at 5), but this does not address the magistrate judge's
11  observation that there is "no corroboration whatsoever" as to "whether the attack actually
12  occurred and whether plaintiff suffered injury."  (Doc. No. 48 at 8.)  Finally, plaintiff disputes the
13  accuracy of his mental health diagnosis and records, and he accuses the magistrate judge of
14  committing a Fourteenth Amendment violation by reviewing the submitted correspondence
15  between plaintiff's psychologist and psychiatrist.[2]  (Doc. No. 51 at 5–7.)  Neither of those
16  objections creates a disputed material fact precluding the granting of summary judgment.

17  　　　In accordance with the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Rule 304, the
18  court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file,
19  including plaintiff's objection, the court concludes that the findings and recommendations are
20  supported by the record and proper analysis.

21  　　　Accordingly:
22  　　　1.　　　The findings and recommendations issued on August 7, 2024 (Doc. No. 48) are
23  　　　　　　　adopted in full;
24  /////
25  /////
26  /////

---

[2]  This correspondence was sent two days after the alleged attack and notes certain delusions that plaintiff was reported having.  (Doc. No. 37-6 at 48–49.)

2. Defendant's motion for summary judgment (Doc. No. 37) is granted; and

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 10, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE